**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:25-CR-9** |
| **v.** § | |
| § | |
| § | |
| § | |
| **ADRIAN GREEN** § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed March 26, 2025, alleging that the Defendant, Adrian Green, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Green was sentenced on November 15, 2022, before The Honorable Henry Autrey of the Eastern District of Missouri after pleading guilty to the offense of Bank Larceny, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 8 and a criminal history category of III, was 6 to 12 months. Green was subsequently sentenced to 9 months imprisonment followed by 3 years' supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; credit restrictions; apply all monies received from any anticipated and/or unexpected financial gains, including any income tax, towards any outstanding court-

ordered financial obligation; pay any financial penalty in accordance with the Schedule of Payment sheet of the judgment; notify the court of any changes in economic circumstances that might affect the ability to pay the financial penalty; participate in an educational services program and follow the rules and regulations of that program; mental health aftercare; search and seizure; substance abuse testing and treatment; a $100 special assessment; and $25,520 restitution.

## II. The Period of Supervision

On June 7, 2024, Adrian Green completed his period of imprisonment and began service of the supervision term. On September 9, 2024, Mr. Green's conditions of supervision were modified to remove the following condition:

> You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). And include the following condition, You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

On January 21, 2025, Mr. Green's conditions of supervision were modified to remove the following condition:

> All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $100, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment. Until all

criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

And include the following condition:

Any monetary penalty that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income. The percentage of gross income to be paid with respect to any restitution and/or fine is to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k) and/or 18 U.S.C. § 3572(d)(3), respectively. If the defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered), the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any financial penalty ordered. None of the payment terms imposed by this Judgment preclude or prohibit the government from enforcing the unpaid balance of the restitution or monetary penalties imposed herein.

On January 29, 2025, jurisdiction of Green's case was transferred to the Eastern District of Texas and assigned to United States District Judge Marcia A. Crone.

### III. The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising seven allegations. The petition alleges that Green violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The Defendant must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

Allegation 3. The Defendant shall not commit another federal, state, or local crime.

<u>Allegation 4.</u>  The Defendant must refrain from any unlawful use of a controlled substance.

<u>Allegation 5.</u> The Defendant must not knowingly leave the federal judicial district where he is authorized to reside without the approval of the U.S. Probation Office.

<u>Allegation 6.</u> The Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If the Defendant does not have full-time employment he must try to find full-time employment, unless the probation officer excuses him from doing so. The Defendant must notify the probation officer at least 10 days before changes in employment. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

<u>Allegation 7.</u> The Defendant must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment and the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

## IV.  Proceedings

On April 7, 2025, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the fourth allegation that claimed he unlawfully used a controlled substance.  In return, the parties agreed that he should serve a term of 12 months' imprisonment, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by unlawfully using a controlled substance, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the policy statement imprisonment range is 5 to 11 months.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from the unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or

Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is III. The policy statement range in the Guidelines Manual is 5 to 11 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision. The *Amended Petition for Warrant or Summons for Offender Under Supervision* states:

> The presentence report indicates Mr. Green has a history of theft-related behavior and his recent arrests in Brazoria and Travis County are no exception. In addition to the vehicle burglary on January 24, 2025, police reports indicate various bank surveillance cameras and other footage captured Mr. Green as he followed the victim to two separate banks before arriving at the Kroger parking lot and committing the offense. The evidence suggests he was tracking the victim from the banks with the intent of stealing money from the vehicle while they shopped in the store.
>
> Additionally, after Mr. Green's burglary arrest on January 24, 2025, it appears that Mr. Green continued to participate in the same criminal activities. Police reports show Mr. Green and another individual were subsequently observed conducting similar surveillance activities, at multiple banks in the Austin, Texas area, that are consistent with "bank jugging".
>
> The Court should also be aware that Mr. Green is currently under additional investigation by law enforcement officials for other theft-related activities, and potential organized criminal activity, in Houston, Texas and the surrounding areas. However, formal criminal charges have not yet been filed.

(Dkt. #7, p.4.)

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 12 months, with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to refrain from the unlawful use of a controlled substance. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 12 months' imprisonment, with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Bastrop, Texas. The Defendant's request should be accommodated, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 15th day of April, 2025.

_____
Zack Hawthorn
United States Magistrate Judge